**Petro Pehovich NOSA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70052.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Jan. 10, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Howard R. Davis, Esq., Law Offices of Barbara J. Darnell, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brooke M. Maurer, John E. Cunningham, III, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS and PAEZ, Circuit Judges, and BLOCK,* District Judge.

## MEMORANDUM **

Petro Pehovich Nosa ("Nosa"), a Jewish citizen of Ukraine, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his application for asylum on the basis of a finding of adverse credibility. That decision, which was based on "a review of the record," affirmed the Immigration Judge's ("IJ") decision that Nosa was not credible and that Nosa's testimony was not supported by the background country conditions evi-

dence of record. The BIA also made an independent finding that Nosa had not adequately explained the discrepancies in the record that rendered him incredible. Because the BIA conducted an independent review of the IJ's findings, we review the BIA's decision. *Kankamalage v. INS,* 335 F.3d 858, 861 (9th Cir.2003). We review the IJ's opinion only to the extent that it was "expressly adopted" by the BIA. *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000). We have jurisdiction under 8 U.S.C. § 1252. Because the agency's adverse credibility determination was not supported by substantial evidence, we grant the petition, reverse, and remand for further proceedings.

■ We reverse because the inconsistencies identified by the BIA, and to the extent incorporated, the IJ, were not inconsistencies, were minor, or did not go to the heart of Nosa's asylum claim. *Chen v. INS,* 266 F.3d 1094, 1098 (9th Cir.2001) (noting that minor discrepancies, inconsistencies, or omissions that do not go to heart of applicant's claim cannot support an adverse credibility determination). First, Nosa's conduct facilitating his travel and entry into the United States is both consistent (as revealed by a review of the transcript of the hearing before the IJ), and "incidental" to Nosa's claim of persecution. *Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999). Second, Nosa's omission in his asylum application of details surrounding his detention does not support a finding of inconsistency. Rather, the omission reflects Nosa's express decision to tell "[a]bout those accuses, beating, threatenings ... during my confidential interview." Moreover, Nosa's October 24, 2002 supplemental statement, which was

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

never referenced in either the IJ or BIA decision, supports Nosa's detailed testimony regarding his detention. As to the other inconsistencies mentioned by the IJ, Nosa did not have to corroborate his testimony about his head wound with medical records, *see Shah*, 220 F.3d at 1071, nor was Nosa's use of substantively interchangeable words to describe symptoms of a concussion a substantial basis from which to assess Nosa's credibility. Last, the fact that Nosa did not disclose prior to the hearing that he was fired from his job shortly before leaving Ukraine is irrelevant to Nosa's claim for asylum where Nosa never alleged that the event had anything to do with his Jewish identity, his political opinion, or his claim for asylum. The BIA's finding that there were inconsistencies in Nosa's testimony is not supported by substantial evidence.[1]

█ Next, the BIA and the IJ improperly relied on general descriptions in the State Department report to find Nosa's particular testimony implausible. This approach misapplies this court's precedent. *See Chebchoub v. INS*, 257 F.3d 1038, 1043–44 (9th Cir.2001) (finding that country reports are "supplemental" evidence to discredit "a generalized statement" made by the petitioner; they do not "discredit specific testimony regarding his individual experience"); *Singh v. Gonzales*, 439 F.3d 1100, 1110–11 (9th Cir.2006) (generalized country report cannot be used to find specific testimony about experiences implausible).

The issue is not, as the Board identified, whether "acts of anti-Semitic violence were uncommon," but rather whether Nosa's in-dividual experiences are consistent with the country report. *Singh* 439 F.3d at 1110–11. A review of the record shows that they are. The country report recounts that "[p]olice and prison officials tortured and beat detainees and that the Government rarely punished officials who committed abuses." The report also found that there "was no effective mechanism for registering complaints about mistreatment or for obtaining redress for such actions ... disciplinary action against law enforcement authorities that committed abuses was limited." Police corruption also "remained a serious problem" as did "arbitrary arrest and detention." These conditions, not merely the ones cited by the BIA, appropriately "provide the context for evaluating [Nosa's] credibility." *Duarte de Guinac v. INS*, 179 F.3d 1156, 1162 (9th Cir.1999). They are relevant to Nosa's specific and individualized experiences. Moreover, they are consistent with Nosa's testimony.

For the foregoing reasons, we reverse the adverse credibility determination of the BIA, vacate its decision, and remand so that the agency may determine whether, in light of our holding that his testimony was credible, Nosa has met the requisite criteria for asylum. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

PETITION GRANTED; REVERSED and REMANDED.

---

1. Because there were no inconsistencies for Nosa to explain, it is inconsequential that the Board found that he did not provide an "adequate explanation" for them, or that because he did not raise his "opportunity to explain" claim before the Board, the court now lacks jurisdiction to review that issue. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right."); *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).